[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15272
This is an application by the defendants, Gary Marsh and Marcia Marsh, to discharge a lis pendens recorded on their property at 43 Spriteview Avenue in Westport. General Statutes § 52-325a et seq. The plaintiff, Gloria M. Balaz, placed this lis pendens on the defendants' property in connection with her effort to recover a down payment or deposit that she paid to the defendants.[1]
The plaintiff signed a contract on April 11, 2000 to purchase the defendants' property and paid them $125,000 as a down payment. The plaintiff did not go through with the sale because of financial reasons.[2] The defendants refused to return the down payment and the plaintiff then recorded a lis pendens on the subject premises on June 28, 2000.
The contract of sale provides in paragraph 7 that: "All sums paid on account of this Agreement . . . are hereby made liens on the Premises, but such liens shall not continue after default by the Buyer under this Agreement." In addition to the letter from the attorney for the plaintiff to the attorney for the defendants, the plaintiff herself wrote to the defendants explaining why she was not in a position to purchase their property.[3]
This lis pendens should be discharged because the plaintiff was unwilling and financially unable to proceed with the closing and to purchase the defendants' home. The underlying issue of whether the down payment should be returned to the plaintiff or whether the defendants are entitled to retain the $125,000 as liquidated damages must be resolved in a full trial on the merits. At this preliminary stage of the proceedings, however, it is clear that the parties agreed that if the plaintiff defaulted with respect to purchasing the defendants' home, the lien would not be effective.
The defendants also argue in support of their motion to discharge, that General Statutes § 52-325 permits a lis pendens only in an action "intended to affect real estate." The plaintiff claims money damages in order to get back her down payment of $125,000. This court agrees with the defendants' interpretation of the above statute, but the resolution CT Page 15273 of this issue is not necessary to resolve this case because the plaintiff and the defendants themselves agreed that the lien created by the down payment would not continue after a default by the plaintiff as purchaser of the subject premises.
For these reasons, the defendants' motion (#103) to discharge the lis pendens is granted.
Dated at Stamford, Connecticut, this day 8th day of December, 2000.
William B. Lewis, Judge